RODNEY D. CASEY                                                          PLAINTIFF

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Summary Judgment

(Docket #15).  Plaintiff has responded (Docket #20).  Defendant has replied (Docket #21).  This

matter is now ripe for adjudication.  For the following reasons, Defendant's Motion for

Summary Judgment is DENIED.

## BACKGROUND

In July of 2008, Plaintiff Rodney Cayce[1] applied for a homeowners insurance policy from

Defendant Allstate Property & Casualty Insurance Company ("Allstate")  for a residence at 1711

Jones Street in Hopkinsville, Kentucky.  Cayce spoke on the phone with Allstate employee

Cheryl Wilson, who filled out a "quote sheet" based on the information provided by Cayce.  This

information was transferred by Ms. Wilson to a typed application for insurance.  Cayce visited

Ms. Wilson at her office on the same day and signed the application.  Based upon Cayce's

application, Allstate issued a policy effective July 17, 2008.  Cayce suffered a fire loss on

August 19, 2008, and filed a claim with Allstate.  Allstate denied Cayce's claim on several

---

[1]Both parties refer to Plaintiff as "Cayce."  However, the original Complaint lists
Plaintiff's last name as "Casey."  The Court docket uses the name as spelled in the Complaint.
For purposes of this motion, the Court will refer to Plaintiff as the parties do ("Cayce") in the
text of the opinion only.

grounds.  One of the bases for denial was that Cayce had made a material representation on his

application.

Cayce filed the present lawsuit in state court in June of 2009, seeking losses that should

have been covered by the existing insurance policy.  Allstate removed the case to this court

based on diversity jurisdiction.  Allstate has now moved for summary judgment.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In

determining whether summary judgment is appropriate, a court must resolve all ambiguities and

draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the

case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a

mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for

summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly

supported motion for summary judgment.  A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys.*

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v.*

*Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed.

R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v.*

*Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d

150, 165 (6th Cir. 1993).

## DISCUSSION

Material or fraudulent misrepresentations, even if innocently made, in an application for

an insurance policy bar recovery on the policy. *Ky. Cent. Life Ins. Co. v. Combs*, 432 S.W.2d

415 (Ky. 1968); *Globe Indem. Co. v. Daviess*, 47 S.W.2d 990, 994 (Ky. 1932). Kentucky

Revised Statutes section 304.14-110 provides:

> All statements and descriptions in any application for an insurance policy or
> annuity contract, by or on behalf of the insured or annuitant, shall be deemed to
> be representations and not warranties. Misrepresentations, omissions, and
> incorrect statements shall not prevent a recovery under the policy or contract
> unless either:
>
>> (1) Fradulent; or
>>
>> (2) Material either to the acceptance of the risk, or to the hazard assumed
>> by the insurer; or
>>
>> (3) The insurer in good faith would either not have issued the policy or
>> contract, or would not have issued it at the same premium rate, or would
>> not have issued a policy or contract in as large an amount, or would not
>> have provided coverage with respect to the hazard resulting in the loss, if
>> the true facts had been known to the insurer as required either by the
>> application for the policy or contract or otherwise. This subsection shall
>> not apply to applications taken for workers' compensation insurance
>> coverage.

Ky. Rev. Stat. Ann. § 304.14-110. The long-standing interpretation of this rule in Kentucky is

that "if a representation is made, and it is untrue and material, it taints the contract whether fraudulent or not, and, if untrue and fraudulent, it taints the contract whether material or not." *National Life & Acc. Ins. Co. v. Fisher*, 276 S.W. 981, 982 (Ky. 1925). "[A] false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein." *Mills v. Reserve Life Ins. Co.*, 335 S.W.2d 955, 958 (Ky. 1960) (citations omitted).

Both parties acknowledge two errors on the application: that Plaintiff bought the house at 1711 Jones Street in July of 2008 and that he began living there in July of 2008. In fact, Plaintiff had owned the house since at least May of 2007 and he had been living there off and on for approximately ten months prior to filling out the insurance application. However, Plaintiff asserts that he gave Allstate employee Cheryl Wilson accurate information and that he trusted her to fill out the application correctly.

Defendant argues that Plaintiff's application misrepresentations meet the criteria of either prong (2) or (3) of section 304.14-110. However, "the presence of a material misrepresentation in [Plaintiff's] application for insurance does not necessarily compel a judgment in favor of [Defendant]." *Cook v. Life Investors Ins. Co. of America*, 126 F. App'x 722, 724 (6th Cir. 2005). "Kentucky's highest court held over 80 years ago that an insurance company may not rescind a policy on the basis of false answers placed in an application by the company's agent, rather than by the applicant, if the applicant signed the application in good faith." *Id.* (citing *Standard Auto Ins. Assoc. v. Russell*, 251 S.W. 628, 629 (Ky. 1923); *Aetna Life Ins. Co. v. McCullagh*, 215 S.W. 821, 826 (Ky. 1919)). Good faith is an issue to be considered by a jury. *Id.* at 725.

"'[W]here an application is made out entirely by the agent of the insurer from his own knowledge, or fraudulently, and the insured, acting in good faith, signs the application without reading it or without knowledge of its contents, the company will be estopped to rely upon the alleged false statements contained therein.'" *Jones v. Monumental Life Ins. Co.*, 502 F. Supp. 2d 601, 605 (E.D. Ky. 2007) (quoting *Cook*, 126 F. App'x at 726). If the applicant knows of the answers' falsity, he is liable for those answers. *Pennsylvania Life Ins. Co. v. McReynolds*, 440 S.W. 2d 275, 279 (Ky. 1969). "However, his knowledge of the falsity may depend on how fully he understands exactly what information the application questions seek." *Id.*

Plaintiff testified that he gave accurate information to Cheryl Wilson over the phone, and it was Ms. Wilson who transferred that information to the typed application. Ms. Wilson testified that the information she put in the application came from Plaintiff. She also testified that she did not have a copy of the original quote sheet with the information Plaintiff provided over the phone, despite the fact that these sheets are typically retained within an applicant's file. Further, Ms. Wilson testified that she went over the application with Plaintiff page by page and he signed the document after reviewing it. In contrast, Plaintiff states that Ms. Wilson merely showed him the document and he signed it.

The Court finds that a genuine issue of material fact exists and summary judgment is inappropriate. Plaintiff and Ms. Wilson present differing accounts of their interaction. Ms. Wilson claims that the information she put in the application was given to her by Plaintiff. Plaintiff argues that Ms. Wilson made a mistake or misunderstood what he was saying to her over the phone. This appears to the Court to be a matter of credibility, an issue which should be left to the jury. Further, whether Plaintiff signed the application in good faith is an issue for the

jury. *Cook*, 126 F. App'x at 725. Finding a genuine issue of material fact exists, summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED.