# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-107

**RODNEY D. CASEY**                                                                **PLAINTIFF**

**v.**

**ALLSTATE PROPERTY & CASUALTY**
**INSURANCE COMPANY**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (Docket #31). Plaintiff has responded (Docket #45). Defendant has replied (Docket #49). Plaintiff has filed a sur-reply (Docket #50). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

Plaintiff Rodney D. Cayce[1] filed suit for breach of contract against Defendant Allstate Property & Casualty Insurance Company ("Allstate") in state court in June of 2009. Allstate removed the case to this Court based on diversity jurisdiction. Cayce moved to remand this case to state court on August 3, 2009. The Court denied this motion on August 27, 2009. This case is now set to go to trial on August 9, 2010. Allstate filed the present motion to dismiss on July 22, 2010, challenging this Court's jurisdiction. The Court now considers this motion.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting

---

[1] Both parties refer to Plaintiff as "Cayce." However, the original Complaint lists Plaintiff's last name as "Casey." The Court docket uses the name as spelled in the Complaint. For purposes of this motion, the Court will refer to Plaintiff as the parties do ("Cayce") in the text of the opinion only.

"lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). Where there is a factual attack, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

## DISCUSSION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and the parties are diverse. 28 U.S.C. § 1332(a). There is no question that the parties are diverse in this case. Nor is there any question that Plaintiff's complaint alleges damages in excess of $80,000.00. Defendant argues, however, that because Plaintiff will be unable to produce evidence of damages in excess of $75,000.00, diversity jurisdiction no longer exists, and the

Court must dismiss this case for lack of subject matter jurisdiction.

This case is somewhat unusual in that Defendant chose to remove this case to federal court, and it is now Defendant who wishes to remand to state court. However, the Court believes the general rule for diversity jurisdiction in removal actions applies here as well. "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 293 (1938); citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). For instance, where a plaintiff in a removal action later seeks to stipulate or amend his pleadings to assert an amount in controversy less than $75,000.00, the district court retains jurisdiction. *See, e.g.*, *Rogers*, 230 F.3d at 872-73. The Court has already determined, based on the pleadings, that diversity jurisdiction exists. Therefore, the subsequent events now complained of by Defendant do not serve to 'oust' this Court's jurisdiction in this matter.

Accordingly, Defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.